Filed 7/18/23  P. v. Lloyd CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LEODIS JAMES LLOYD,<br><br>        Defendant and Appellant. | A166030<br><br><br>(Marin County<br>Super. Ct. No. SC197289A) |

Defendant appeals from a judgment and sentence revoking mandatory supervision based on probation violations.  Defendant's appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting that this court independently review the record on appeal to determine whether it contains any arguable issues.  This appeal is not subject to *Wende* review because it is not a direct appeal from a criminal conviction.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226–228 (*Delgadillo*); *People v. Freeman* (2021) 61 Cal.App.5th 126, 134 (*Freeman*).)  Therefore, we dismiss the appeal.

## BACKGROUND

In September 2017, while in prison custody in Marin County for a prior offense, defendant was charged with possession of controlled substances in

prison on or about March 21, 2016 (Pen. Code, § 4573.6, subd. (a); count 1);[1] sale of a controlled substance on or about March 21, 2016 (Health & Saf. Code, § 11352, subd. (a); count 2); and possession of controlled substances in prison on or about March 27, 2016 (Pen. Code, § 4573.6, subd. (a); count 3). The information also alleged that defendant served two prior prison terms.[2]

On March 13, 2018, defendant pleaded guilty to count 1 on the condition that the remaining counts be dismissed at sentencing and with the understanding that he faced a maximum penalty of six years, comprised of the upper term of four years, enhanced by two consecutive one-year prior prison term enhancements. On July 9, 2018, the court found defendant eligible for a split sentence pursuant to section 1170, subdivision (h), with a portion of his sentence to be a period of mandatory supervision. Defendant was ordered to appear for sentencing at a subsequent hearing, which was continued to December 2018.

In December 2018, defendant's counsel requested that the court sentence defendant to three years of mandatory supervision and no jail time. The trial court denied defendant's request. The court sentenced defendant to the low term of two years for violation of section 4573.6, subdivision (a), and one year for his prior prison enhancement. Pursuant to section 1170, subdivision (h)(5)(B), the trial court ordered defendant to serve one year in custody, consecutive to any other sentence, and two years on mandatory supervision.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The original information additionally alleged that defendant had prior serious felony convictions for robbery in 2010. Defendant was born in 1993 and was a juvenile at the time of the robbery convictions. The trial court granted the prosecution's motion to strike the prior serious felony allegations.

On August 13, 2019, the trial court granted defendant's unopposed motion for early release from custody. Defendant's two-year mandatory supervision began on August 16, 2019.

On November 21, 2019, the probation department filed a petition for revocation of mandatory supervision alleging that defendant tested positive for drugs and alcohol on multiple dates in October and November 2019, that he failed to appear for office visits, and that he removed his global positioning system monitoring device. Defendant did not appear at the December 10, 2019 hearing on the petition, and the trial court revoked mandatory supervision and issued a bench warrant. Defendant next appeared in court on February 2, 2021, and denied the allegations of the petition to revoke mandatory supervision. However, on February 23, 2021, defendant admitted the allegations. The trial court ordered defendant to serve 60 days' additional jail time as a sanction for the violations and released him from custody for time served. The court reinstated mandatory supervision. The probation department calculated defendant's new mandatory supervision termination date to be August 31, 2022.

On May 3, 2021, the probation department filed another petition to revoke mandatory supervision, alleging that defendant failed to appear for scheduled office visits in April 2021. On May 18, 2021, the trial court issued another bench warrant and again revoked mandatory supervision.

On December 21, 2021, the probation department reported that the defendant had filed a Penal Code section 1381[3] demand and had informed the

---

[3] Section 1381 provides that when a defendant has been sentenced to prison and has a pending "indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring

3

department that on October 21, 2021, he was sentenced by the Stanislaus County Superior Court to state prison for one year four months for violation of Vehicle Code section 2800.2, subdivision (a). The probation department reported that defendant had 470 days remaining to be served on mandatory supervision in the Marin County case.

On January 11, 2022, the trial court modified defendant's sentence by striking the one-year prior prison term enhancement and agreeing to the district attorney's request to terminate mandatory supervision and deem defendant's Marin County sentence time served. Defendant's counsel stated that defendant's release date on the new Stanislaus County prison term was February 28, 2022. She argued that defendant's Marin County sentence should be merged with the Stanislaus County sentence, which she calculated would result in defendant being released immediately because he had excess credits.[4] The trial court rejected defendant's argument that his credits in the Marin County case should apply to allow him early release on his sentence in the Stanislaus County court. As the court explained, defendant's argument would allow defendant to benefit from committing a new crime while on mandatory supervision by allowing early release dates in both cases.

## DISCUSSION

Defendant's counsel filed an opening brief under *Wende* raising no issues. Counsel states in a declaration that he advised defendant of the nature of his brief and that defendant had the option to file a supplemental brief within 30 days. Defendant did not file a supplemental brief.

---

the defendant to trial or for sentencing within 90 days after" the defendant provides written notice of his imprisonment.

[4] Defense counsel's argument appears to be based on an incorrect assumption that defendant served 470 days of mandatory supervision. In fact, the probation department reported that he had 470 days remaining.

4

*Wende* holds that on appeal from a criminal conviction, the Constitution requires a Court of Appeal "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra*, 25 Cal.3d at p. 441.) However, there is no right to independent review in an appeal from a postconviction order in a criminal proceeding. (*Delgadillo, supra*, 14 Cal.5th at pp. 226–228; *People v. Freeman, supra*, 61 Cal.App.5th at p. 134 [no right to *Wende* review of order finding violation of a condition of appellant's postrelease community supervision commitment, as *Wende* review "was established to protect the federal constitutional right to the effective assistance of counsel in a *direct appeal from a criminal conviction*" (italics added)].) Here, defense counsel raised no challenge to the trial court's order striking the one-year prior prison term enhancement and terminating defendant's mandatory supervision based on time served. Nor did defendant file a supplemental brief. Accordingly, we dismiss the appeal as abandoned.

Nonetheless, we have reviewed the record in its entirety and are satisfied that no arguable issues exist.

## DISPOSITION

The appeal is dismissed.

_____

Jackson, P. J.


WE CONCUR:


_____

Simons, J.


_____

Chou, J.